Bloom v Nationstar Mtge., LLC

2026 NY Slip Op 02957

May 13, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Francesca Bloom, etc., appellant-respondent,

v

Nationstar Mortgage, LLC, etc., respondent-appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 13, 2026

2021-06802, (Index No. 10147/18)

Francesca E. Connolly, J.P.

Valerie Brathwaite Nelson

Barry E. Warhit

Lourdes M. Ventura, JJ.

Stenger, Diamond & Glass, LLP, Wappingers Falls, NY (Kenneth M. Stenger and Mary K. Ephraim of counsel), for appellant-respondent.

McGuire Woods LLP, New York, NY (Aleksandra Kaplun, Elizabeth Z. Timmermans, and Ryan Y. Park of counsel), for respondent-appellant.

[*1]

DECISION & ORDER

In a putative class action, inter alia, to recover damages for violations of Real Property Law § 274-a and General Business Law § 349, the plaintiff appeals, and the defendant cross-appeals, from an order of the Supreme Court, Orange County (Craig Stephen Brown, J.), dated August 24, 2021. The order, insofar as appealed from, granted those branches of the defendant's motion which were for summary judgment dismissing the cause of action alleging a violation of General Business Law § 349 and to decertify Class Two and denied that branch of the plaintiff's cross-motion which was for summary judgment on the cause of action alleging a violation of General Business Law § 349. The order, insofar as cross-appealed from, denied those branches of the defendant's motion which were for summary judgment dismissing the cause of action alleging a violation of Real Property Law § 274-a and to decertify Class One and granted that branch of the plaintiff's cross-motion which was for summary judgment on the cause of action alleging a violation of Real Property Law § 274-a.

ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

In 2018, the plaintiff, the owner of certain residential property encumbered by a mortgage, commenced this putative class action on behalf of herself and all others similarly situated against the defendant, the servicer of the plaintiff's mortgage loan. The plaintiff alleged, among other things, that the defendant violated Real Property Law § 274-a and General Business Law § 349 by charging the plaintiff and other similarly situated mortgagors a fee for providing a mortgage payoff statement by facsimile. By order dated August 27, 2019, the Supreme Court granted class certification pursuant to CPLR article 9 and certified two classes of plaintiffs.

Following the completion of discovery, the defendant moved for summary judgment dismissing the amended complaint and to decertify both classes, and the plaintiff cross-moved for summary judgment on the amended complaint. In an order dated August 24, 2021, the Supreme Court, inter alia, granted those branches of the defendant's motion which were for summary judgment dismissing the cause of action alleging a violation of General Business Law § 349 and to decertify Class Two but denied those branches of its motion which were for summary judgment [*2]dismissing the cause of action alleging a violation of Real Property Law § 274-a and to decertify Class One. In addition, the court granted that branch of the plaintiff's cross-motion which was for summary judgment on the cause of action alleging a violation of Real Property Law § 274-a and denied that branch of the cross-motion which was for summary judgment on the cause of action alleging a violation of General Business Law § 349. The plaintiff appeals, and the defendant cross-appeals.

Pursuant to Real Property Law § 274-a, "[t]he mortgagee of an owner-occupied, one-to-six family residential structure or residential condominium unit, shall deliver within thirty days, any mortgage related documents to an authorized individual making a bona fide written demand for such documents" (id. § 274-a[2][a]). Additionally, the statute provides, inter alia, that "[t]he mortgagee shall not charge for providing the mortgage-related documents, provided, however, the mortgagee may charge not more than twenty dollars, or such amount as may be fixed by the superintendent of financial services, for each subsequent payoff statement provided under this subdivision" (id.).

Here, the plaintiff established her prima facie entitlement to judgment as a matter of law on the cause of action alleging a violation of Real Property Law § 274-a by demonstrating, inter alia, that the defendant charged the plaintiff and other similarly situated mortgagors a fee for providing a first mortgage payoff statement (see Dowd v Alliance Mtge. Co., 32 AD3d 894, 895, abrogated on other grounds by MacDonell v PHH Mtge. Corp., 45 AD3d 537; Dougherty v North Fork Bank, 301 AD2d 491, 492). In opposition, the defendant failed to raise a triable issue of fact. Contrary to the defendant's contention, it was prohibited from charging a "fax fee" for providing "expedited delivery" of the first payoff statement by facsimile (see Dougherty v North Fork Bank, 301 AD2d at 492; MacDonell v PHH Mtge. Corp., 2011 WL 13065094 [Sup Ct, Suffolk County]; see also Negrin v Norwest Mtge., 263 AD2d 39, 45). Moreover, the defendant's contention that the plaintiff consented to pay the fee does not constitute a defense to the cause of action alleging a violation of Real Property Law § 274-a (see MacDonell v PHH Mtge. Corp., 45 AD3d at 539; Dougherty v North Fork Bank, 301 AD2d at 492).

However, the defendant demonstrated its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of General Business Law § 349. The General Business Law § 349 cause of action was premised upon the allegation that the plaintiff violated 3 NYCRR 419.4(d), which prohibits a servicer from charging "a fee for providing a payoff statement . . . , provided that a servicer may charge a reasonable fee for providing a payoff statement after issuing five or more payoff statements to a borrower in any calendar year." In support of its motion, the defendant established that there is no implied private right of action under 3 NYCRR 419.4(d) (see 1077 Madison St., LLC v Smith, 2015 WL 5793427, *16, 2015 US Dist LEXIS 134173 [ED NY], affd 670 Fed Appx 745 [2d Cir]; Wells Fargo Bank, N.A. v Vanderkamp, 45 Misc 3d 1213[A], 2014 NY Slip Op 51557[U], *5 [Sup Ct, Suffolk County]), and therefore, the cause of action alleging a violation of General Business Law § 349, which does not allege any deceptive act independent of a violation of 3 NYCRR 419.4(d), could not be maintained (see generally Seller v Citimortgage, Inc., 118 AD3d 511, 512). In opposition, the plaintiff failed to raise a triable issue of fact. Further, since the certification of Class Two was based upon a violation of 3 NYCRR 419.4(d), the decertification of Class Two was warranted (see generally CPLR 902).

The parties' remaining contentions are without merit.

Accordingly, the Supreme Court properly denied those branches of the defendant's motion which were for summary judgment dismissing the cause of action alleging a violation of Real Property Law § 274-a and to decertify Class One and granted that branch of the plaintiff's cross-motion which was for summary judgment on the cause of action alleging a violation of Real Property Law § 274-a. Moreover, the court properly granted those branches of the defendant's motion which were for summary judgment dismissing the cause of action alleging a violation of General Business Law § 349 and to decertify Class Two and denied that branch of the plaintiff's cross-motion which was for summary judgment on the cause of action alleging a violation of General Business Law § 349.

CONNOLLY, J.P., BRATHWAITE NELSON, WARHIT and VENTURA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court